**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: | Chapter 11 |
| **540 NORTH LASALLE LLC,** | Case No 13-23044 |
| | Hon. Jack B. Schmetterer |
| | Hearing Date: |
| Debtor. | **March 4, 2014 – 10:30 a.m.** |

## NOTICE OF MOTION

**TO:**  Patrick S. Layng                           540 North LaSalle LLC
Office of the U.S. Trustee                  737 North LaSalle Street
Region 11                                   Chicago, IL 60654
219 South Dearborn Street                   (Via First Class U.S. Mail,
Room 873                                    proper postage prepaid)
Chicago, IL 60606
USTPRegion11.ES.ECF@usdoj.gov
 (Via Electronic Notice)

All other parties and counsel registered    See attached service list
with the court's electronic notice system   (Via First Class U.S. Mail,
(Via Electronic Notice)                      proper postage prepaid)

**PLEASE TAKE NOTICE** that on **Tuesday, March 4, 2014** at **10:30 a.m.**, or as soon thereafter as counsel may be heard, Scalambrino & Arnoff, LLP, attorneys for debtor 540 North LaSalle Street, LLC, shall appear before Judge Jack B. Schmetterer, or any judge sitting in his stead, in Room 682 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached **SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES OF SCALAMBRINO & ARNOFF, LLP AS DEBTOR'S COUNSEL**, a copy of which is attached hereto and hereby served upon you.

**SCALAMBRINO & ARNOFF, LLP,**


**By: /s/ Bruce C. Scalambrino**
    **One of its partners**

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**

## CERTIFICATE OF SERVICE

Bruce C. Scalambrino, an attorney, states that he served a copy of the foregoing **Notice of Motion** and **Second and Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses of Scalambrino & Arnoff, LLP as Debtor's Counsel**, upon all parties set forth on the foregoing Notice of Motion, via Electronic Notice, and the attached service list, via First Class U.S. Mail, proper postage prepaid, on this 11th day of February, 2014.

       **/s/ Bruce C. Scalambrino**
       **Bruce C. Scalambrino**

# SERVICE LIST
## IN RE 540 NORTH LASALLE LLC
### CASE NO. 13-23044

Efren Boglio
c/o Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue
21st Floor
Chicago, Illinois 60611
(Via Electronic Notice)

Delaney Law P.C.
c/o William Delaney
444 N. Wabash Avenue
3rd Floor
Chicago, Illinois 60611
(Via Electronic Notice)

Russell C. Green Law Office
c/o Russell C. Green
200 S. Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(Via Electronic Notice)

Bronson & Kahn, LLC
c/o Jason LaBella
150 N. Wacker Drive
Suite 1400
Chicago, Illinois 60606
(Via First Class U.S. Mail)

Sarica Foods
c/o Jose Lagoa
9515 Seymour Avenue
Schiller Park, Illinois 60176
(Via First Class U.S. Mail)

Delaney Law P.C.
c/o Michael C. Moody
c/o Michael J. O'Rourke
O'Rourke & Moody
55 West Wacker Drive, 14th Floor
Chicago, Illinois 60601
(Via Electronic Notice)

Euroamerican Foods
c/o Jose Lagoa
739 N. LaSalle Street
Chicago, Illinois 60654
(Via First Class U.S. Mail)

Hispanic Hospitality Group
c/o Jose Lagoa
737 N. LaSalle Street
4th Floor
Chicago, Illinois 60654
(Via First Class U.S. Mail)

Joseph Lagoa
9400 Natchez
Morton Grove, Illinois 60053
(Via First Class U.S. Mail)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>**540 NORTH LASALLE LLC,**<br><br><br>Debtor. | **Chapter 11**<br>**Case No 13-23044**<br>**Hon. Jack B. Schmetterer**<br>**Hearing Date:**<br>**March 4, 2014 – 10:30 a.m.** |

**SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF COSTS AND EXPENSES OF
<u>SCALAMBRINO & ARNOFF, LLP AS DEBTOR'S COUNSEL</u>**

Scalambrino & Arnoff, LLP ("S&A"), attorneys for 540 North LaSalle LLC, the debtor and debtor-in-possession (the "Debtor"), pursuant to Section 330 of the United States Bankruptcy Code (the "Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1, moves this Court for the entry of an order authorizing and allowing a final award of compensation and reimbursement of expenses for the period June 1, 2013 through September 16, 2013 through January 31, 2014, and in support of its application, states the following:

1. On June 1, 2013, the Debtor filed a voluntary petition for relief under Title 11, Chapter 11 of the Code. Since that time, the Debtor has maintained possession of its assets and operated its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code.

2. On June 25, 2013, this Court entered an order authorizing the Debtor's employment of S&A as its counsel. A true and correct copy of the June 25, 2013 order authorizing the Debtor's retention of S&A is attached hereto as Exhibit A. Prior to the filing of its petition, the Debtor paid S&A a pre-petition advance payment retainer in the amount of $21,213.00.

3. On September 27, 2013, S&A filed its first interim application of allowance of compensation and reimbursement of costs and expenses (the "First Interim Application"). A true

and correct copy of the First Interim Application is attached hereto as Exhibit B. As set forth within the First Interim Application, S&A, from June 1, 2013 through September 15, 2013, devoted 187.1 hours to the performance of necessary and valuable legal services on the Debtor's behalf, in the total sum of $72,720.00, and incurred reasonable and necessary expenses and costs in the sum of $2,037.48, for a total of fees, costs, and expenses in the sum of $74,757.48.

4. On October 21, 2013, the Court entered an order granting S&A's First Interim Application, allowing S&A interim compensation in the sum of $72,720.00 and $2,037.48 as reimbursement for its actual and necessary expenses incurred in its representation of the Debtor from June 1, 2013 through September 15, 2013, for a total sum of $74,757.48. Following application of the $21,213.00 pre-petition advance payment retainer, the Debtor was authorized to pay S&A the amount of $53,544.48. A true and correct copy of the October 21, 2013 order is attached hereto as Exhibit C.

5. On January 14, 2014, an order was entered confirming the Debtor's first amended plan of liquidation (the "Plan"). The Debtor commenced/shall commence making payments to its creditors on February 27, 2014, the Effective Date of the Plan.

6. From September 16, 2013 through January 31, 2014, S&A devoted 55.1 hours to the performance of necessary and valuable legal services on the Debtor's behalf in the total sum of $20,025.00 and incurred reasonable and necessary expenses and costs in the sum of $359.30, for a total of fees, costs, and expenses in the sum of $20,384.30.

7. For the entire period of its representation of the Debtor, S&A, from June 1, 2013 through January 31, 2014, devoted a total of 242.2 hours to the performance of necessary and valuable legal services on the Debtor's behalf in the total sum of $92,745.00 and incurred

reasonable and necessary expenses and costs in the sum of $2,396.78, for a total of fees, costs, and expenses in the sum of $95,141.78.

8. Pursuant to Section 330 of the Code and Bankruptcy Rule 2016, S&A is entitled to reasonable compensation for the actual, necessary services rendered on the Debtor's behalf. S&A's fee application complies with the requirements of Local Bankruptcy Rule 5082-1, the guidelines issued by the Executive Office for the United States Trustees for reviewing applications for compensation and reimbursement of expenses filed pursuant to Section 330 of the Code, as well as applicable case law regarding fee petitions in this district. See, e.g., In re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir. 1992); Grabill Corp v. Pelliccioni, 135 B.R. 835 (Bankr. N.D. Ill. 1991); In re Convent Guardian Corp., 103 B.R. 937 (Bankr. N.D. Ill. 1989); In re Chicago Lutheran Hosp. Ass'n, 89 B.R. 719 (Bankr. N.D. Ill. 1988); In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987); In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987).

9. Pursuant to the requirements set forth in paragraph 8 herein, S&A's application sets forth professional time entries chronologically by activity, and professional time is segregated by each activity performed. All time entries are billed in tenth-of-an-hour increments.

10. Every attempt has been made to avoid duplication of services by S&A. When more than one attorney participated in any matter or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the attorney with such matters so that he could independently perform further necessary work on the matter assigned. With few exceptions, when it was necessary for one S&A professional to consult with another, only one professional recorded his time.

11. Every attempt has also been made, when appropriate and depending on the complexity of the issues and time constraints, to assign tasks to less experienced professionals of S&A in order to minimize the hourly rates charged to the estate.

12. All the services and expenses for which compensation and reimbursement are requested were rendered solely on the Debtor's behalf and not on behalf of any other person or entity. All of these services are compensable pursuant to Section 330 of the Code.

13. The hourly rates charged by S&A for its services rendered to the Debtor were its usual and customary hourly rates charged during the period covered for work performed for other clients in both bankruptcy and non-bankruptcy matters. In setting its rates, S&A assumes that its bills will be rendered and paid in full on a regular basis in accordance with its normal professional practices and all expenses incurred will be promptly reimbursed.

14. No agreement exists between S&A and any third person for the sharing of compensation received by S&A in connection with this case, except as allowed by Section 504(b) of the Code and Bankruptcy Rule 2016 with respect to sharing of compensation among members of S&A.

15. Attached hereto as Exhibit D is an itemized statement of S&A's services setting forth (a) a detailed description of services rendered by S&A on a daily basis, according to the subject matter and the S&A professional who performed the services; (b) the total number of hours devoted by each such S&A professional and (c) the respective hourly billing rates of each such professional. Exhibit B was prepared from the time sheets and computer records regularly kept by each professional and S&A. In addition, Exhibit D includes a statement of cash disbursements and expenses incurred and paid by S&A in connection with its representation of the Debtor.

16. The respective hourly rates of the professionals who rendered services on behalf of the Debtor are as follows:

| | | |
|---|---|---|
| Bruce C. Scalambrino | Partner | $450.00 per hour |
| Christopher L. Muniz | Associate | $300.00 per hour |

## STATEMENT OF EXPENSES

17. S&A has incurred or accrued expenses of $359.30.00 in connection with its representation of the Debtor for which it now requests reimbursement. Under the standards set for in Kenneth Leventhal & Co. v. Spurgeon Holding Corp., 152 B.R. 511 (N.D. Ill. 1993), aff'd, 19 F.3d 1174 (7th Cir. 1994), a request for reimbursement of expenses is to be determined by an inquiry as to whether the expenses were reasonable and necessary. None of the expenses for which reimbursement is sought constitute overhead, but instead are the actual and necessary costs associated with the goods and services for which the expense was incurred. In re Convent Guardian Corp., 103 B.R. 937 (Bankr. N.D. Ill. 1989). The expenses incurred by S&A were related to the Boglio adversary filing fee, as well as postage and document reproduction fees. Costs and expenses incurred or accrued by S&A in connection with its representation of the Debtor have been recorded and allocated to the specific matters outlined herein and are set forth in Exhibit B attached hereto. All such expenses are recorded when they are incurred and are specifically applicable to this estate. Document reproduction charges were primarily incurred in connection with the service of pleadings and the mailing of notices to creditors of the estate, for which S&A charges $0.10 per page.

18. In accordance with the guidelines set forth in Local Bankruptcy Rule 5082-1 and case law from this district, the following is a summary of professional time rendered by category, activity and amount:

5

A. **General Administration & Retention**

This category includes time incurred with regard to the general administration of the Debtor's bankruptcy estate. For the time period covered by this application, S&A did not incur any time regarding the retention of professionals.

S&A attorneys incurred time reviewing and preparing the Debtor's monthly debtor–in-possession reports and filing them with the court.

S&A attorneys also incurred time with respect to building code violation issues asserted against the Debtor by the City of Chicago. S&A attorneys conferred with the attorneys handling this matter on behalf of the Debtor and spent time sorting through the issue of whether or not the Debtor was responsible for these violations because of the sale of the building during the pendency of the Debtor's Chapter 11 case. Counsel exchanged email correspondence with and spoke to multiple parties involved in this case. This matter was finally resolved in the Debtor's favor.

S&A attorneys also conferred with Banco Popular's attorneys regarding the issue of the Debtor's entitlement to a property tax refund which the State Court Receiver had applied for and to gather information from the bank regarding the Debtor's right to a refund of the 2012 property taxes. S&A exchanged email correspondence and spoke to multiple parties regarding this issue. It was finally determined that the Debtor was indeed entitled to the tax refunds; the refunds should be paid to the Debtor in the near future.

Finally, an S&A attorney consulted with the Debtor regarding the necessity of filing its annual report with the Illinois Secretary of State.

S&A expended 4.50 hours for which it incurred fees of $1,560.00. The following chart summarizes the total amount of professional time spent with regard to this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| BCS | 1.4 | $450.00 | $  630.00 |
| CLM | 3.1 | $300.00 | $  930.00 |
| TOTAL | 4.5 | | $1,560.00 |

S&A has not incurred any ordinary and necessary expenses in connection with this category.

### B. Fee Application

The time expended in this category consisted of attending the hearings on the approval of S&A and Bronson & Kahn's first interim applications for compensation and preparing S&A's second and final application for compensation and reimbursement of expenses.

S&A expended 3.0 hours for which it incurred fees of $1215.00. The following chart summarizes the total amount of professional time spent with regard to this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| BCS | 2.1 | $450.00 | $   945.00 |
| CLM | 0.9 | $300.00 | $   270.00 |
| TOTAL | 3.0 | | $ 1,215.00 |

In connection with this category, S&A incurred and paid ordinary and necessary expenses in the sum of $15.50, which consists of reproduction and charges for the service of the of the fee applications.

### C. Plan & Disclosure Statement

This category consisted of preparing the disclosure statement and plan of reorganization and obtaining confirmation of the same. S&A attorneys met with and exchanged multiple email correspondence with the Debtor regarding the information required to be included in the disclosure statement. Various drafts of both the plan and disclosure statement were prepared and reviewed with the Debtor. This process necessarily entailed multiple revisions to both documents.

7

In drafting the plan, S&A had to consult with its retained state court counsel regarding the status of the Intertrack litigation and the objection to the Delaney Law, P.C.'s claim ("Delaney"), which was being heard in the State Court by virtue of Delaney having modified the automatic stay to liquidate its claim.  S&A also researched the case law regarding the maximum amount the tenants' potential damage claim could be as a result of the Debtor's rejection of their leases.  Both of these tenants then failed to file proof of claims in this case.

S&A attorneys attended multiple status hearings on the plan and disclosure statement as well as status hearings on the objection to Delaney's claim.

An S&A attorney forwarded the plan and disclosure statement to the United States Trustee for his review prior to filing and had multiple telephone conferences with him regarding his requested and suggested changes to the plan and disclosure statement.  S&A then incorporated these changes into both documents.

At a status hearing on the plan and disclosure statement, this court also requested that certain changes be made to both documents and S&A then prepared an amended plan and disclosure statement incorporating these changes.

S&A also prepared the ballot for accepting or rejecting the plan and the order to be sent therewith.  These materials were then served on all creditors and S&A then tallied the ballots and prepared a report of balloting and filed the same with the court.

An S&A attorney then drafted the order of confirmation as well as an affidavit in support of confirmation by the Debtor's managing member.  The plan and disclosure statement were then approved by this court.  The objection to Delaney's claim was dismissed and S&A prepared the order dismissing the claim.

8

S&A expended 27.30 hours for which it incurred fees of $9,705.00. The following chart summarizes the total amount of professional time spent with regard to this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| BCS | 10.1 | $450.00 | $ 4,545.00 |
| CLM | 17.2 | $300.00 | $ 5,160.00 |
| TOTAL | 27.3 | | $ 9,705.00 |

In connection with this category, S&A incurred and paid ordinary and necessary expenses in the sum of $27.70, which consists of reproduction charges for the service of the plan, disclosure statement and related orders and pleadings.

### D. Boglio Adversary Proceeding

This category relates to the dispute with Efren Boglio ("Boglio") over whether or not he waived his right to the sum $415,000.00 due under his mortgage on the property sold during this Chapter 11 case.

After much discussion and negotiation with Boglio's counsel, the Debtor opted to file an adversary proceeding against Boglio. The complaint was drafted and served and S&A researched the various legal issued raised by Boglio's counsel with regard to the claim.

Upon service of the complaint, settlement negotiations began in earnest with both the Debtor and Boglio submitting multiple proposals. After much discussion between the parties, a settlement was finally reached and S&A prepared a settlement agreement which was exchanged with Boglio. After some revision, an agreement was reached and executed by the respective parties. S&A then drafted and served a motion for court approval of the settlement agreement, which is scheduled for hearing on February 11, 2014. The settlement nets the Debtor the sum of $140,000.00, which when combined with the Debtor's cash on hand, provides for the payment of all administrative claims (including the sum sought in this application) and a 100% dividend to

non-insider unsecured creditors. The settlement also releases the Debtor's managing member of any further liability from Boglio's claim.

S&A expended 20.3 hours for which it incurred fees of $7,545.00. The following chart summarizes the total amount of professional time spent with regard to this category:

| **Professional** | **Time Spent** | **Hourly Rate** | **Total** |
|---|---|---|---|
| BCS | 9.7 | $450.00 | $ 4,365.00 |
| CLM | <u>10.6</u> | $300.00 | <u>$ 3,180.00</u> |
| **TOTAL** | **20.3** | | **$ 7,545.00** |

In connection with this category, S&A incurred and paid ordinary and necessary expenses in the sum of $316.10, which consists of adversary complaint filing fee of $293.00 and ordinary and necessary copying charges in the sum of $23.10.

19. Pursuant to Section 330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of S&A's services are compensable.

20. Jose Lagoa, the Debtor's manager, on whose behalf S&A is employed, has reviewed and approved this final application for compensation and reimbursement of expenses. A true and correct copy of the Debtor's declaration regarding its review of this application is attached hereto as Exhibit E.

WHEREFORE, Scalambrino & Arnoff, LLP, attorneys for 540 North LaSalle LLC, request the entry of an order:

1. Allowing final compensation to S&A in the amount of $72,720.00 for its actual, necessary and valuable professional legal services rendered to 540 North LaSalle LLC from June 1, 2013 through September 15, 2013;

2. Allowing final compensation to S&A in the amount of $20,025.00 for its actual, necessary and valuable professional legal services rendered to 540 North LaSalle LLC from September 16, 2013 to January 31, 2014;

3. Allowing final reimbursement to S&A in the amount of $2,037.48 for its actual and necessary expenses incurred or accrued in connection with such services from June 1, 2013 through September 15, 2013;

4. Allowing final reimbursement to S&A in the amount of $359.30 for its actual and necessary expenses incurred or accrued in connection with such services from September 16, 2013 to January 31, 2014;

5. Authorizing the Debtor to pay S&A the amount of $20,384.30; and

6. For such further and other relief as this court deems just and equitable.

**SCALAMBRINO & ARNOFF, LLP**

By: **/s/ Bruce C. Scalambrino**
    **One of its partners**

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**