**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In Re:** | |
| | **Chapter 11** |
| **540 NORTH LASALLE LLC,** | **Case No 13-23044** |
| | **Hon. Jack B. Schmetterer** |
| | **Hearing Date:** |
| **Debtor.** | **March 18, 2014 – 10:30 a.m.** |

## NOTICE OF MOTION

**TO:**   Patrick S. Layng                                    See attached Service List for additional
             Office of the U.S. Trustee                        recipients
             Region 11                                               (Via First Class U.S. Mail, proper postage
             219 South Dearborn Street                      prepaid, or Electronic Notice, as
             Room 873                                               indicated for each recipient)
             Chicago, IL 60604
             USTPRegion11.ES.ECF@usdoj.gov
             (Via Electronic Notice)

**PLEASE TAKE NOTICE** that on **Tuesday, March 18, 2014** at **10:30 a.m.**, or as soon thereafter as counsel may be heard, 540 North LaSalle LLC, through its counsel, Bruce C. Scalambrino, Christopher L. Muniz and the law firm Scalambrino & Arnoff, LLP, shall appear before Judge Jack B. Schmetterer or any judge sitting in his stead, in Room 682 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached **DEBTOR'S APPLICATION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 350(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 AND LOCAL BANKRUPTCY RULE 3022-1**, a copy of which is attached hereto and hereby served upon you.

                                                                                **540 NORTH LASALLE LLC,**


                                                                                **By: /s/ Bruce C. Scalambrino**
                                                                                      **One of its attorneys**

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**

## CERTIFICATE OF SERVICE

Bruce C. Scalambrino, an attorney, states that he served a copy of the foregoing **Notice of Motion** and **Debtor's Application for Final Decree and to Close Case Pursuant to 11 U.S.C. § 350(a), Federal Rule of Bankruptcy Procedure 3022 and Local Bankruptcy Rule 3022-1** upon all parties set forth on the Notice of Motion herein above or Service List attached hereto, via First Class U.S. Mail, proper postage prepaid, or via Electronic Notice, as indicated for each recipient, on this 11th day of March, 2014.

          **/s/ Bruce C. Scalambrino**
          **Bruce C. Scalambrino**

# SERVICE LIST
## IN RE 540 NORTH LASALLE LLC
## CASE NO. 13-23044

Efren Boglio
c/o Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue
21st Floor
Chicago, Illinois 60611
(Via Electronic Notice)

Delaney Law P.C.
c/o William Delaney
444 N. Wabash Avenue
3rd Floor
Chicago, Illinois 60611
(Via Electronic Notice)

Russell C. Green Law Office
c/o Russell C. Green
200 S. Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(Via Electronic Notice)

Bronson & Kahn, LLC
c/o Jason LaBella
150 N. Wacker Drive
Suite 1400
Chicago, Illinois 60606
(Via First Class U.S. Mail)

Sarica Foods
c/o Jose Lagoa
9515 Seymour Avenue
Schiller Park, Illinois 60176
(Via First Class U.S. Mail)

Delaney Law P.C.
c/o Michael C. Moody
c/o Michael J. O'Rourke
O'Rourke & Moody
55 West Wacker Drive, 14th Floor
Chicago, Illinois 60601
(Via Electronic Notice)

Euroamerican Foods
c/o Jose Lagoa
739 N. LaSalle Street
Chicago, Illinois 60654
(Via First Class U.S. Mail)

Hispanic Hospitality Group
c/o Jose Lagoa
737 N. LaSalle Street
4th Floor
Chicago, Illinois 60654
(Via First Class U.S. Mail)

Joseph Lagoa
9400 Natchez
Morton Grove, Illinois 60053
(Via First Class U.S. Mail)

Fidelity National Title
c/o Nancy Lewis
20 N. Clark Street
Suite 220
Chicago, Illinois 60602
(Via First Class U.S. Mail)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>**540 NORTH LASALLE LLC,**<br><br><br>Debtor. | **Chapter 11**<br>Case No 13-23044<br>Hon. Jack B. Schmetterer<br>**Hearing Date:**<br>March 18, 2014 – 10:30 a.m. |

**DEBTOR'S APPLICATION FOR FINAL DECREE AND TO CLOSE CASE PURSUANT TO 11 U.S.C. § 350(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 AND LOCAL BANKRUPTCY RULE 3022-1**

540 North LaSalle LLC, debtor and debtor-in-possession (the "Debtor"), through its counsel, Bruce C. Scalambrino, Christopher L. Muniz and the law firm of Scalambrino & Arnoff, LLP ("S&A"), for its application for the entry of a final decree pursuant to 11 U.S.C. § 350(a), Federal Rule of Bankruptcy Procedure 3022 ("Rule 3022") and Local Bankruptcy Rule 3022-1, states as follows:

1. On June 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code (the "Code"). Since that time, the Debtor has maintained possession of its assets and operated its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Debtor's First Amended Plan of Liquidation (the "Plan"), dated November 22, 2013 and confirmed by this Court on January 14, 2014, has been substantially consummated in accordance with the terms and provisions thereof.

4. Specifically, the Debtor made the Initial Plan Distribution to holders of Allowed Class II Claims on or before February 27, 2014, the Effective Date of the Plan. The Debtor also made the Second and Final Plan Distribution to both holders of Allowed Class II Claims on March 10, 2014.

5. The only potential remaining Plan payments are to: (a) the holder of the disputed Class II Claim, which at this time remains unliquidated, is to be liquidated in state court and therefore is not an Allowed Claim; and (b) the Class III Allowed Subordinated Insider Claims. As such, the Debtor has complied with all of its obligations under the Plan to date.

6. On February 11, 2014, S&A, counsel for the Debtor, filed its second and final application for the allowance of compensation and reimbursement of costs and expenses. On March 4, 2014, the Court entered an order granting S&A's application for final compensation of $20,025.00 and reimbursement of expenses in the amount of $359.30, for a total sum of $20,384.30.

7. The Debtor paid S&A the sum of $20,384.30 on March 5, 2014.

8. The Debtor filed Summary of Cash Receipts and Cash Disbursements reports with the Clerk of this Court for each month from the Petition Date through confirmation of the Plan, and has made each quarterly payment of debtor-in-possession and other fees to the Office of the United States Trustee.

9. Section 350(a) of the Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 implements that Code section in a chapter 11 case, as "after an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

10. Although the estate is not yet fully administered, as there are additional payments to be made to creditors under the Plan, that fact alone is not enough to delay the entry of a final decree. *See Advisory Committee Note – 1991 Amendment to Bankruptcy Rule 3022* ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.")

11. Indeed, the Rule 3022 advisory committee set forth the following six factors to be considered in whether an estate has been fully administered for the purposes of a chapter 11 final decree:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved."

*Advisory Committee Note – 1991 Amendment to Bankruptcy Rule 3022*.

12. In this case, the Debtor has satisfied each of the three applicable advisory committee factors. First, more than thirty days have passed since the entry of the confirmation order on January 14, 2014, leaving no doubt that it has become a final order. Second, the Debtor commenced Plan payments to its creditors by making the Initial Plan Distribution and the Second and Final Plan Distribution to holders of Allowed Class II Claims. Third, all motions and contested matters in the Debtor's bankruptcy case have been resolved.

13. As the Debtor has in all respects complied with the January 14, 2014 order of this Court confirming its Plan, this case is in a position to be closed with the entry of a final decree.

WHEREFORE, 540 North LaSalle LLC respectfully requests that this Court enter an order authorizing the entry of a final decree and closing this bankruptcy case pursuant to section 350(a) of the Code and Rule 3022 and for such further and other relief as is just and equitable.

        **540 NORTH LASALLE LLC,**

        **By: /s/ Bruce C. Scalambrino**
          **One of its attorneys**

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**